(49 App. Div. 180.)

## HOLLAND HOUSE CO. v. BAIRD.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. NEGLIGENCE—BLASTING—EVIDENCE.

It is a question for the jury whether there was negligence in blasting for a trench in the street in front of plaintiff's house, the concussion forcing out part of a wall in the house; there having been previous and much smaller blasts doing no injury, and expert testimony that, to produce the damages caused by the blast, there must have been negligence on the part of those in charge.

2. SAME.

That the blasting which injured plaintiff's house was done by defendant, a contractor, for making a trench in front of the house, may be inferred from the fact that his contract contemplated that blasting might be part of the work, and that no other excavation of blasting was being done near there.

Ingraham and O'Brien, JJ., dissenting.

Appeal from trial term, New York county.

Action by the Holland House Company against William P. Baird. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George M. Pinney, Jr., for appellant.
J. W. Shepard, for respondent.

PATTERSON, J. This action was brought to recover for injury to the vault and walls of the plaintiff's building caused by alleged carelessness and negligence of the defendant's servants while engaged in blasting rock in a trench in front of the plaintiff's premises. The defendant was a contractor for a certain public work which he undertook to perform for the city of New York, viz. to dig a trench in Fifth avenue, and to lay therein 40-inch Croton water mains. His contract contemplated that blasting might be part of that work. The evidence shows that, while excavating the trench in front of the plaintiff's premises, blasting was done from time to time without injury to such premises, but that when the damage complained of was caused there was a very heavy blast,—much greater than had previ-

ously occurred,—and its effect was such as to seriously injure the property. There was testimony of a qualified expert to the effect that, to produce the damage caused by this particular blast, there must have been negligence or carelessness of those who conducted or were in charge of that part of the work. The complaint was dismissed on the ground that there was not sufficient proof of negligence. We are of the opinion that there was enough evidence to go to the jury on that subject. Much blasting had taken place in the trench in front of the plaintiff's building before the "big blast," as it was called, was discharged. No injury was caused by any of that previous blasting. It was proven that blasting could have been controlled so as to prevent injury to property. It was a fair inference that the excessive size of the blast was the cause of the damage. The concussion from the blast was so great as to force out part of a wall, and water flowed through the wall into the toilet rooms of the building, and large marble slabs were forced out of place. Considering the harmless character of the previous blasts, and the effects of the large one, in connection with the evidence that the size of the blast affects the resulting shock, and that as the size is decreased the shock is also diminished, it is a fair inference that the blast complained of was of greater size than was consistent with safety to neighboring property.

It is urged, however, that there was no evidence to go to the jury that the blasting was done by the defendant, the contractor, or his servants. There is no proof of any eyewitness of that fact, nor is there direct evidence of any person who from observation or knowledge testified that blasting was done upon adjacent property by the defendant or his servants. But we must take into consideration all the inferences that are fairly deducible from the evidence. No other excavation was being made in the streets in front of or near the plaintiff's premises, than in the progress of the work being performed by the defendant. There was no other trench. There was no other blasting. The defendant was the contractor for this work. There is no proof, nor any suggestion, that there was a subcontractor, and the inference is irresistible that the blasting could not have been done by any other persons than those who were engaged on the work in the trench. We think, therefore, that the cause was improperly taken from the jury, and that the evidence, with the inferences fairly deducible from it, entitled the plaintiff to go to the jury upon a prima facie case.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and RUMSEY, J., concur.

INGRAHAM, J. I cannot concur in the reversal of this judgment. The only evidence offered by the plaintiff to prove that the defendant did any blasting was the production of a contract between the city of New York and the defendant for laying water pipes upon Fifth avenue from Eightieth street to Fourth street, by which the defendant agreed to furnish all the labor and materials, and to deliver and lay

mains for pipes in said avenue, and in which it was provided that all blasting was to be conducted in conformity with the ordinances of the city of New York; and the admission of the defendant that he did the work under this contract. I can find no evidence that at the time the injury was caused to the plaintiff's building the defendant was engaged in blasting in front of the plaintiff's premises, or, in fact, that any blasting was ever done by the defendant in that neighborhood. The plaintiff concedes that, to entitle it to recover, it must allege that the injury was caused by the negligence of the defendant; and, in order to prove such negligence, it was certainly necessary to show that the concussion or blast that caused the injury was the work of the defendant or his agents.

O'BRIEN, J., concurs.